purpose of conducting the hearing differently but not, he must concede, for the purpose of altering the ultimate outcome. He has cited no cases, and we have found none, to support this notion.[2] Clearly, claimed deficiencies in the hearing, singly and collectively, do not even arguably approach a level of seriousness or unfairness such that it could reasonably be characterized as no hearing at all. Further, there is also nothing to suggest that the immigration judge was constitutionally disqualified by interest or bias.

■ Calderon-Ontiveros also complains that the judge erred in admitting the INS apprehension report, which was hearsay. The relevant case law is to the contrary. *See Tejeda-Mata v. INS,* 626 F.2d 721, 724 (9th Cir.1980) (upholding the admission, over a hearsay objection, of an INS apprehension report such as was admitted in Calderon-Ontiveros' case), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982). The Administrative Procedure Act, which governs such hearings, excludes only "irrelevant, immaterial, or unduly repetitious evidence." 5 U.S.C. § 556(d). It is well established that hearsay is admissible in administrative proceedings. *E.g., School Board v. HEW,* 525 F.2d 900, 905 (5th Cir.1976); *Hoska v. United States Department of the Army,* 677 F.2d 131, 138 (D.C. Cir.1982) (stating that "[p]rovided it is relevant and material, hearsay is admissible in administrative proceedings generally"). Moreover, the hearsay was merely cumulative of Calderon-Ontiveros' on-the-record admission that he had been outside the United States during a period in 1984.

■ Finally, the government asks us to sanction Calderon-Ontiveros for filing a frivolous appeal. Calderon-Ontiveros has filed no reply to the government's brief requesting such relief. The substantive argument in his appellate brief occupies just one page and cites not a single supporting case. The constitutional claim is utterly without merit. The brief fails to raise the two substantive issues central to his case below. Thus, we can infer only that Calderon-Ontiveros filed this appeal solely to delay his ultimate deportation. Appeals filed for delay are frivolous, *Dallo v. INS,* 765 F.2d 581, 589 (6th Cir.1985), and pursuant to ·Fed.R.App.P. 38, we award double costs to the government in this case. Rather than place the full burden of this sanction on Calderon-Ontiveros, we hold his counsel personally responsible for one half of this award. *See* 28 U.S.C. § 1927; *Dallo,* 765 F.2d at 589–90.

### Conclusion

We affirm the BIA order holding that Calderon-Ontiveros' due process rights were not violated during his deportation hearing. Furthermore, we award double costs to the government, to be borne equally by Calderon-Ontiveros and his attorney.

AFFIRMED.

**NOLAN CONTRACTING, INC.,**
**Plaintiff-Appellant,**

v.

**REGIONAL TRANSIT AUTHORITY,**
**Defendant-Appellee.**

No. 86–3436.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1987.

C. Michael Winters, New Orleans, La., for plaintiff-appellant.

---

2. It is not clear why the immigration judge's questions with regard to the apprehension report could not have been on the record. The Immigration and Nationality Act requires a record of the deportation hearing. 8 U.S.C. § 1252(b). However, the judge's questions were in connection with the government's offer of the apprehension report into evidence, and in these circumstances the relevant regulations permitted the judge, in the exercise of his discretion, to hold the questioning off the record. 8 C.F.R. § 242.15. In the absence of any showing of prejudice, we will not disturb the immigration judge's exercise of discretion. *Avila-Murrieta v. INS,* 762 F.2d 733, 736 (9th Cir.1985).

**1054**

John M. Landis, Sheila M. Lambert, Terrel J. Broussard, New Orleans, La., for defendant-appellee.

Before REAVLEY and RANDALL, Circuit Judges, and WOODWARD *, District Judge.

PER CURIAM:

AFFIRMED on the basis of the district court's opinion, 651 F.Supp. 23.

Jacqueline BRADLEY,
Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 86–2799
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1987.

---

* District Judge of the Northern District of Texas sitting by designation.